ANDERSON, Justice,
for the Court:
This is an appeal from the Chancery Court of Lee County, Chancellor James Bost presiding, from an order dismissing the appellant’s amended complaint to modify a former decree of divorce. The appellant sought to set aside the provisions of the decree granting appellee exclusive use and possession of the homestead and ordering its sale once the residence is abandoned or the children of the parties leave home. The chancellor ruled that the 1980 divorce decree amounted to a consent decree and that its provisions relating to disposition of real property were binding.
THE COURT ERRED IN HOLDING THE DECREE FOR DIVORCE WAS A CONSENT DECREE, SO THAT ITS PROVISIONS DEALING WITH REAL PROPERTY WERE FINAL AND BINDING ON THE PARTIES.
*1205 The sole question for our determination is whether or not the chancellor erred in finding that the divorce decree in question was a consent decree. After our review of the record, we hold that it was not a consent decree and for that reason, reverse the chancellor.
The record in this case reflects that Don and Carolyn Spearman were divorced from each other on April 15, 1980, in the Chancery Court of Lee County. That divorce decree provided among other things:
The Court further orders that the complainant shall have exclusive use and possession of the residence and approximately 61 acres upon which it is situated. Should the residence be permanently abandoned or at such time as the children of the parties shall leave the home on a permanent basis, the property shall be sold by the parties and the proceeds be applied to the $9,000 owed by the parties under the terms of their inheritance of the property with the net proceeds after payment of the foregoing amount to be divided equally among the parties. Should for any reason the parties be unable or unwilling to agree on the terms of sale of the property, then either party may petition the Chancery Court and the property shall be sold under Court order to the highest bidder and the proceeds shall be divided equally.
Being aggrieved with the above portion of the divorce decree, Mr. Spearman sought to have the divorce decree modified in respect to the real property being disposed of and the proceeds divided between him and his former wife.
The testimony and evidence at the trial to modify the divorce decree may be summarized as follows: Appellant received notice of the divorce proceedings through the mail while he was living in Baton Rouge, Louisiana. He talked with his family in Mississippi and they employed one Charles R. Brett to represent him. He did not meet Mr. Brett personally until a few weeks before the divorce was granted. Appellant instructed Mr. Brett that he would not try to prevent the appellee from getting her divorce, but wanted Mr. Brett to find out what was going on and instructed him not to do anything as far as the divorce was concerned and not to fight it. Appellant further did not give Mr. Brett any authority to do anything on his behalf regarding the divorce.
Several weeks before the divorce hearing the appellant discharged Mr. Brett as his attorney. At no time did the appellant authorize Mr. Brett, orally or in writing, to agree to any type of property settlement agreement on his behalf, nor did he receive any copies of the proposed separation agreement. The appellant did not authorize Mr. Brett to sign the divorce decree on his behalf and further he did not know that Mr. Brett had signed it until several months after the divorce was granted.
On the date the divorce was granted, neither the appellant nor his former lawyer, Mr. Brett, were present in court.
Mrs. Spearman assumed at the time of the divorce hearing that her name was on the deed to the subject property, and based upon this mistaken impression testified to that effect at trial. Mrs. Spearman’s name did however appear on the deed of trust and she further testified that the parties had a joint account and some of their monies were used to pay for the property in question. The 61 acres in question were purchased by the appellant and his father in 1964 and appellant’s father deeded him his one-half interest in the farm in 1966. At the time of the divorce approximately $9,000 was owed on the property.
While the chancellor recognizes the established rule in Mississippi that courts are without power to order one’s spouse to divest himself of property for the benefit of the other spouse, he found that the divorce decree was by consent, and thus, not subject to modification. The appellee has likewise requested this Court to overrule Cox v. Cox, 183 So.2d 921 (Miss.1966), which held that in Mississippi chancery courts do not have the authority to decree that property belonging to one spouse to be that of the other spouse or to divide proper *1206 ty accumulated during the marriage between the husband and wife. Cox v. Cox, supra, rejects the community property concept which prevails in other states.
From our review of the testimony and evidence in this case, we come to the conclusion that this was not a consent decree. The evidence reveals that while attorney Brett was hired by the appellant to negotiate on his behalf, he was also discharged several weeks before the divorce hearing. Attorney Brett did not file an answer or any other documents with the court. Brett did not “appear” at the hearing itself, with his sole appearance being his signature on the consent decree, and this admittedly was done outside the courtroom after he was discharged by the appellant. Attorney Brett also testified that he was under the impression that the land in question was held jointly by Mr. and Mrs. Spearman.
These facts lead us to the conclusion that appellant cannot be bound by the unauthorized consent of his attorney and the conclusion that no consent decree exists. We simply hold that under the facts of this case, where a divorce decree and property settlement agreement divest a party of title to real property, that consent decree should be signed and consented to in writing by the parties.
Appellees have brought to our attention numerous decisions of this Court which makes exceptions to the general rule that the chancellor may not divest a husband of his real estate and deed it to his wife, this is not such a case.
For the above reasons, we reverse and remand this case to the Chancery Court of Lee County.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.